UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 07-CV-429-JBC

JOHN EASTERLING                                                      PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                    DEFENDANT


John Easterling is confined in the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington"). He has submitted a prisoner *pro se* civil rights action asserting claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. The named defendant is the United States of America.

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court can dismiss a civil case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RELIEF REQUESTED

The plaintiff seeks: (1) $3,575.55 in monetary damages to compensate him for the loss of personal property; (2) unspecified punitive damages; (3) court costs; and (4) the appointment of counsel to represent him in this matter.

Specifically, the plaintiff demands $575.00 in actual damages for the loss of his personal property, and $3,000.00 to compensate him for the loss of "legal and sentimental property" [Record No. 2, p.3]

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on April 18, 2007, two Health Care Unit ("HCU") members at FMC-Lexington confiscated his small locker on the second floor of the prison in an area known as "the Bus Stop." Plaintiff states that a lock secured his locker.

Plaintiff alleges that two days later, Mr. Childress, the HCU Counselor, emptied the contents of the plaintiff's locker. According to the plaintiff, Childress allowed the other inmates to have a "free for all" and steal the plaintiff's personal property. Plaintiff states that several staff members and other inmates witnessed Childress giving away his personal property.

Plaintiff states that when Scott Hobinicht, one of the of his fellow inmates, commented to Mr. Childress that he recognized the items as belonging to the plaintiff, Childress responded by stating "just to get the stuff out of here."[Record No. 2, p.2]. Plaintiff states that in confiscating and distributing his personal items, Childress was retaliating against him because he (Easterling) is a disabled inmate

2

"who couldn't perform extra duties for having his property secured in a medical locker." [*Id*, p.3]

Plaintiff alleges in his FTCA complaint that Childress, as an employee of FMC-Lexington, breached his duty to safeguard an inmate's personal property; improperly confiscated his personal property; and failed to follow prison policies relating to the safeguarding of an inmate's personal property.

DISCUSSION
1. Exception Contained in 28 U.S.C. § 2680(c)

The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States.  The operative jurisdictional provision is set forth in Title 28:

> … the district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

This provision permits an action against the United States for wrongful acts committed by its employees during the course of their employment, *Fitch v. United States*, 513 F.2d 1013 (6th Cir. 1975), so long as the administrative procedures outlined in its provisions are satisfied. *See* 28 U.S.C. § 2675; 28 U.S.C. § 2401.

Here, Plaintiff Easterling exhausted his administrative remedies by timely filing a request for administrative settlement on April 25, 2007.  The Bureau of

Prisons ("BOP") denied Easterling's administrative claim on September 14, 2007 [Record No. 2-2, pp. 12-13]. .

While most claims of negligence may be asserted under the FTCA, there are exceptions.  Relevant to this case is the exception for "[a]ny claims arising in respect of the assessment or collection of any tax or customs duty, or the detention of any ... property by any officer of customs or excise or any other law enforcement officer."  28 U.S.C. § 2680(c).  While the phrase plainly applies to the activities of customs officers, the words "[a]ny claims arising in respect of ... the detention of any ... property by ... any other law enforcement officer" apply to a claim for lost property by a federal inmate.

In *Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831, 2008 WL 169359 (U.S., January 22, 2008), the Supreme Court held that this language barred a federal prisoner's FTCA claim arising out of the loss of certain personal property during his transfer from a federal prison in Georgia to USP - Big Sandy in Kentucky.  In doing so, the Supreme Court noted that the word "detention" should be broadly interpreted.  *Ali*, 128 S.Ct at 836 (*citing Kosak v. United States*, 465 U.S. 848, 854-59 (1984)). [1]

---

[1]

In *Kosak*, the Supreme Court broadly construed 28 U.S.C. § 2680(c) to include negligent conduct by government employees. *Kosak* held that claims "arising in respect of ... the detention of any goods, merchandise, or other property" included those claims arising out of negligent handling or storage by federal officials.  *Kosak*, 465 U.S. at 854.

The Supreme Court's holding overruled established Sixth Circuit precedent which held that Section 2680 applied only to law enforcement officers performing customs or excise functions. *Ali*, 128 S.Ct. at 835 (*citing Kurinsky v. United States*, 33 F.3d 594, 598 (6th Cir. 1994)).

Neither 28 U.S.C. § 2680(c) nor *Kosak* requires specific intent or knowledge on the part of federal law enforcement officers. *Bramwell v. United States Bureau of Prisons*, 348 F.3d 804, 807 (9th Cir. 2003). Thus, § 2680(c) bars a claim premised upon an injury to property, or the loss or destruction thereof, resulting from the detention of property.

Here, Easterling's claim is one "in respect of … the detention of any … property by … any other law enforcement officer." Under *Ali*, it falls within the scope of Section 2680(c)'s exemption, and is therefore not cognizable under the FTCA. Easterling's complaint seeking compensation for loss of his personal property must therefore be dismissed with prejudice.[2]

## 2. Construed Fifth Amendment Claim

Easterling described the confiscation of his personal items  as "constituting

---

[2]

In *Ali*, the Supreme Court noted that the absence of a remedy under the FTCA for lost property claims by federal prisoners does not leave them without any avenue of recourse:   the BOP has the authority under 31 U.S.C. § 3723(a)(1) to settle "claims[s] for not more than $1,000 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment."  *Ali* at n.7.

a course of blatant deliberate neglect" [Record No. 2, p. 3]. His complaint could be broadly read as a  challenge to the taking of his personal property in violation of the Fifth Amendment of the United States Constitution. Claims alleging constitutional torts can not, however, be asserted under the FTCA.

Victims of purposeful wrongdoing committed by federal officials can bring certain intentional tort claims under the FTCA, but constitutional tort claims must be asserted under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971);[3] 28 U.S.C. § 1346; *Washington v. Drug Enforcement Admin*, 183 F.3d 868 (8 th Cir. 1999).

In *Bivens*, the Supreme Court created a private right of action for damages against federal officers who are alleged to have violated a citizen's constitutional rights. *Bivens*, 403 U.S. 388; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66, 122 S.Ct. 515, 519 (2001).  *Bivens* involved Fourth Amendment rights, but its principle was extended to the Eighth Amendment in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468 (1998).

The *Bivens* doctrine was extended to promote a right of action against individual prison officials when the only alternative was an FTCA claim against the

_____

[3]

Under *Bivens*, the plaintiff must plead and prove two essential elements.  First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States.  Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law.  *Bivens*, 403 U.S. at 397.

United States, which the Supreme Court believed was insufficient to deter unconstitutional acts by individuals. *Carlson*, 446 U.S. at 14; *Correctional Services Corp.*, 534 U.S. at 67-68, 122 S.Ct. at 520.

In *Carlson*, the Supreme Court held that FTCA and *Bivens* actions are "complementary," rather than integrated causes of action. *See Carlson*, 446 U.S. at 20-21.   In *Washington*, 183 F.3d at 873-74, the Eighth Circuit interpreted *Carlson* as meaning that a claimant is not permitted to bring a constitutional tort cause of action under the FTCA.

*Washington* instructs that while some acts of intentional wrongdoing canbe brought under the FTCA, claims asserting *constitutional* tort claims can not be brought under the FTCA.   The court explained that " . . .victims of purposeful wrongdoing on the part of federal law enforcement officers can bring specified intentional tort claims under the FTCA and constitutional tort claims under *Bivens v. Six Unknown Agents*. . . *See Carlson v. Green*; *see also FDIC v. Meyer* . . . . "*Washington*,183 F.3d, 868 at 873 (citations omitted).[4]

---

[4]

The Eighth Circuit gives teeth to the argument that even under the framework of *Carlson v. Green*, claims alleging constitutional violations can only be asserted under *Bivens*, not the FTCA.

"In fact, this conclusion is actually supported by the text of the 1974 amendment [to the FTCA]. Congress included an exclusion for intentional torts such as assault, battery, and abuse of process in the original version of the act. *See* Federal Tort Claims Act § 421 (1946). However, in 1974 Congress amended this section to provide that "investigative or law enforcement officers" can be held liable for "assault, battery, false

To the extent that the plaintiff may be alleging that FMC-Lexington employees intentionally committed constitutional torts, his claim cannot be maintained under the FCTA.   Claims alleging *intentional* violations of one's constitutional rights must be asserted under *Bivens*, not the FTCA. *Carlson*, 446 U.S. at 20-21; *FDIC v. Meyer*, 510 U.S. 471, 487 (1994); *Washington*, 183 F.3d at 873-74.

The instant complaint will be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).  For this reason, the plaintiff's "Motion for Appointment of Counsel" [Record No.4] will also be denied.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1)     The plaintiff's "Motion for Appointment of Counsel" [Record No.4] is

         **DENIED**.

(2)     The complaint [Record No. 2] is **DISMISSED WITH PREJUDICE**.

---

imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h). The amendment abrogated the government's sovereign immunity under the FTCA only with respect to those enumerated torts, not constitutional ones. *See id*.; *see also Primeaux v. United States*, 181 F.3d 876, 884-85 (8th Cir.1999) (en banc) (Lay., J., dissenting). Therefore, constitutional tort claims are not cognizable under the FTCA."

*Washington*, 183 F.3d at 873 -874.

8

(3)     This action is **DISMISSED** from the docket of the Court.

(4) Judgment shall be entered contemporaneously with this Memorandum

Opinion  and Order in favor of the named defendant, the United States of America.

Signed on  April 1, 2008         

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY

9